JS-6

Lena D. Wade, Esq. (SBN 258356)
SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
74785 Highway 111, Suite 105
Indian Wells, California 92210
Telephone (760) 322-9240
Facsimile (760) 565-1189
wade@sbemp.com

Attorneys for Defendant RI La Quinta LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE, a married woman dealing with her sole and separate claim,<br><br>Plaintiff,<br><br>v.<br><br>RI LA QUINTA LLC, a Washington limited liability company dba Homewood Suites by Hilton La Quinta,<br><br>Defendant. | Case No.: 5:20-cv-02207-JWH-SPx<br><br>**CONSENT DECREE** |

1. This Consent Decree is entered into as of the Effective Date, as defined below in paragraph 10, by and between the following parties: Plaintiff Theresa Brooke ("Plaintiff") and Defendant RI La Quinta LLC ("Defendant") (Plaintiff and Defendant shall hereinafter be collectively referred to as the "Parties" and individually as a "Party") for the purposes and on the terms specified herein.

## RECITALS

2. Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12181 - 12189 ("ADA") and its implementing regulation, 28 C.F.R. pt. 36, prohibit discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation by any private entity that owns, leases (or leases to), or operates any place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a).

3. Section 51(f) of the California Civil Code provides that a violation of the right of any individual under the ADA shall also constitute a violation of the Unruh Civil Rights Act.

4. On October 20, 2020, Plaintiff filed a complaint in U.S. District Court, Central District of California. Plaintiff alleged that Defendant does not provide an accessible passenger loading zone directly in front of the lobby at Defendant's hotel, Homewood Suites by Hilton La Quinta ("Hotel"), as required by Section 503 of the 2010 Standards of Accessible Design.

5. Defendant expressly denies that the Hotel violates Title III of the ADA, the Unruh Civil Rights Act, or any other applicable law, rule, regulation or statute. By entry into this Consent Decree, Defendant does not acknowledge or admit any violation of any law or any wrongdoing of any kind in any respect.

6. This Consent Decree resolves, settles, and compromises all issues between the Parties based on the allegations set forth in Plaintiff's Complaint and those claims or issues which arise from such allegations.

## JURISDICTION

7. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 42 U.S.C. § 12188. The Parties agree that venue is appropriate.

# AGREED RESOLUTION

8. Plaintiff and Defendant agree that it is in the Parties' best interest to resolve this lawsuit on mutually agreeable terms without further litigation. Accordingly, the Parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised in the Complaint.

9. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, was also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

In resolution of this action, the Parties hereby **AGREE** and the Court expressly **APPROVES, ENTERS, AND ORDERS** the following:

# DEFINITIONS

10. "Effective Date" means the date on which this Consent Decree is entered on the Court's Docket Sheet following approval by the Court.

11. "Person(s) with a disability" means any person who has a physical or mental impairment that substantially limits one or more major life activities, a person who has a history of such an impairment, or a person who is perceived by others as having such an impairment.

12. "Reasonable Efforts" means, with respect to a given goal or obligation, the commercially reasonable efforts that a reasonable person in Defendant's position would use to achieve that goal or obligation and, with respect to Defendant's passenger loading zone directly in front of the lobby at Defendant's Hotel, shall mean commercially reasonable efforts to remove any and all access barriers in order to bring the passenger loading zone directly in front of the lobby at Defendant's Hotel into compliance with the 2010 Standards of Accessible Design and the requirements of the ADA. Any disagreement by the Parties as to whether Defendant has used Reasonable Efforts as provided for under this Consent Decree shall be subject to the dispute resolution procedures set forth in paragraphs 17 through 28 of this Consent Decree.

Reasonable Efforts shall be interpreted so as not to require Defendant to undertake efforts whose cost, difficulty or impact on Defendant's operations would constitute an undue burden, as defined in Title III of the ADA or would otherwise require efforts that are not commercially reasonable, technically feasible or constitute a fundamental alteration of Defendant's Hotel.

## TERM

13. The term of this Consent Decree shall commence as of the Effective Date and remain in effect for twelve (12) months from the Effective Date.

## COMPLIANCE WITH TITLE III OF THE ADA AND THE UNRUH CIVIL RIGHTS ACT

14. **Conformance Timeline:** Defendant shall use Reasonable Efforts to bring the passenger loading zone directly in front of the lobby at Defendant's Hotel into compliance with the 2010 Standards of Accessible Design and the requirements of the ADA by, among other things, providing an accessible passenger loading zone directly in front of the lobby at Defendant's Hotel, no later than six (6) months from the effective date (the "Compliance Date"; the period from the Effective Date to the Compliance Date shall be the "Modification Period").

15. **Plaintiff's Right to Conduct Compliance Audit:** Plaintiff (through Plaintiff's counsel) shall have the right to perform, at her own cost, her own accessibility audit of the passenger loading zone directly in front of the lobby at the Hotel. Plaintiff (through Plaintiff's counsel) shall have thirty (30) days from the end of the Modification Period to identify and to notify Defendant in writing any ways in which Plaintiff reasonably believes and contends that Defendant has not substantially complied with its obligations under paragraph 14. Such written notice shall specify in detail the alleged breach and the reason why Plaintiff believes that Defendant has not substantially complied with its obligations under paragraph 14. If Plaintiff does not raise any issues in writing within the applicable 30-day time frame, Plaintiff will be deemed to have waived any and all remaining rights to challenge the accessibility

of the rooms at the Hotel. If Plaintiff raises any purported failure(s) of Defendant to substantially comply with its obligations under paragraph 14 in writing within the permitted 30-day window provided above, the Parties (through their respective counsel) shall meet and confer within sixty (60) days thereafter in good faith to determine a resolution of the issue(s); provided, however, that Plaintiff acknowledges and waives any and all rights that she may otherwise have to recover from Defendant any damages, attorney's or experts' fees, costs, expenses, or disbursements of any kind related to any such activity.

## SPECIFIC RELIEF TO PLAINTIFF

16. **Specific Relief:** Plaintiff and Defendant have agreed to settle all matters relating to costs, damages, attorney's fees, experts' fees, and other financial matters through a separate confidential settlement agreement, the terms of which are consistent with this Consent Decree (the "Settlement Agreement") but include additional monetary terms that are not disclosed herein. The Settlement Agreement shall be provided to the Court *in camera* for inspection and review if the Court so requires in order to extend its enforcement jurisdiction over the terms of the Settlement Agreement.

## PROCEDURES IN THE EVENT OF DISPUTES

17. The procedures set forth in paragraphs 17 through 28 must be exhausted in the event that Plaintiff alleges that Defendant has failed to meet its obligations pursuant to this Consent Decree. There will be no breach of this Consent Decree by Defendant in connection with such allegations until all such procedures have been exhausted.

18. Plaintiff will notify Defendant in writing if she believes that the passenger loading zone at the Hotel is in any way not compliant with this Consent Decree in accordance with the timeline and procedures set forth in paragraph 14.

19. If any issue remains unresolved following the Parties' compliance with procedures set forth above, within ninety (90) days thereafter, the Parties will each have an additional sixty (60) days to select an expert, and the two selected experts will

mutually select an independent expert (the "Accessibility Consultant") with experience in accessible design who will evaluate the particular item(s) raised based on whether those item(s) are in substantial conformance with Defendant's obligations under paragraph 14.

20. The Parties agree that no breach of this Consent Decree shall be deemed to have occurred unless (a) the Accessibility Consultant determines that the particular item(s) alleged to be in violation of the 2010 Standards of Accessible Design is not in substantial conformance with Defendant's obligations under paragraph 14 and (b) Defendant fails to remedy the issue within a reasonable period of time of not less than ninety (90) days of receiving the Accessibility Consultant's written opinion. If the Accessibility Consultant believes that a reasonable time to remedy the item(s) found to not be in compliance with the 2010 Standards of Accessible Design is longer than 60 days, then the Parties may agree on a longer time period without leave of Court so long as the extension is documented in writing and executed by the Parties to this Agreement or their respective counsel.

21. Should the Parties thereafter have a dispute regarding an issue raised in a notice given under paragraph 15 after the procedures in paragraphs 18 through 19 have been exhausted, the dispute shall be handled pursuant to the procedures set forth in paragraphs 22 through 28 below.

22. If a Party believes that any other Party has not complied with any provision of the Consent Decree, that Party shall provide the other Party with Notice of Non-Compliance containing the following information: (i) the alleged act of non-compliance; (ii) a reference to the specific provision(s) of the Consent Decree that is involved; (iii) a statement of the remedial action sought by the initiating party; and (iv) a brief statement of the specific facts, circumstances and legal argument supporting the position of the initiating party.

23. Within forty-five (45) days of receipt of a Notice pursuant to paragraph 21, the non-initiating Party shall respond to the initiating Party in writing.

24. Within fourteen (14) days after the response described in paragraph 23, the Parties shall informally meet and confer and attempt to resolve the issues raised in the Notice.

25. If the matters raised in a Notice provided pursuant to the above are not resolved within forty-five (45) days of the initial meet and confer required by paragraph 23, either Party may submit the unresolved matters to nonbinding mediation before a mediator chosen by the Parties. If the designated mediator is unable to serve as mediator or the Parties cannot agree to a mediator, then a mediator affiliated with Judicial Arbitration & Mediation Services ("JAMS") shall be appointed. All costs of any mediation shall be borne equally by the Parties. Each Party shall bear its own attorney's fees and expert fees in connection with any mediation.

26. If the dispute is not resolved in mediation, the Parties then will submit the matter for binding arbitration before a single arbitrator affiliated with JAMS. The arbitration hearing shall be conducted at a mutually convenient location and pursuant to JAMS Streamlined Arbitration Rules and Procedures. Those Rules will be modified as necessary to ensure that the hearing is held as soon as practicable after the submission to arbitration, and that a written decision on the matter is rendered within sixty (60) days of the last hearing date with each Party bearing its own fees and costs. The award of the arbitrator will be enforceable in this Court. All costs of any arbitration shall be borne equally by the Parties. Each Party shall bear its own attorney's fees and expert fees in connection with any arbitration.

27. Any of the time periods set forth in paragraphs 17 through 28 may be extended by mutual agreement of the Parties.

28. Despite Paragraphs 17-27 above, there shall be no compliance period or procedures to cure the defect as the non-disclosed monetary provision in the Confidential Settlement Agreement. In the event that Defendant breaches the monetary provision in the Confidential Settlement Agreement, Plaintiff may immediately file a Motion to Enforce the Settlement Agreement without prior notice to Defendant.

29. Any notice or communication required or permitted to be given to the Parties hereunder shall be given in writing by e-mail and by overnight express mail or United States first class mail, addressed as follows:

To Plaintiff:

    Peter Kristofer Strojnik, Esq.
    Law Offices of Peter Strojnik
    Esplanade Center III, Suite 700
    2415 East Camelback Road
    Phoenix, AZ 85016
    Email: pstrojnik@strojniklaw.com
    Phone: (602) 510-9409

To Defendant:

    RI LA QUINTA LLC
    c/o Rick Takach
    15605 SE Mill Plain Boulevard, Unit E
    Vancouver, WA 98684
    Email: takach@vestahospitality.com
    Phone: (360) 737-0442
    Fax: (360) 694-4557

With a copy to:

    SBEMP, LLP
    Attn: Lena D. Wade, Esq.
    74785 Highway 111, Suite 105
    Indian Wells, CA 92210
    Email: wade@sbemp.com
    Phone: (760) 322-9240
    Fax: (760) 565-1189

**MODIFICATION**

30. No modification of this Consent Decree shall be effective unless in writing and signed by authorized representatives of all Parties.

**ENFORCEMENT AND OTHER PROVISIONS**

31. The interpretation and enforcement of this Consent Decree shall be governed by the laws of the State of California. This Court shall retain jurisdiction over this matter for purposes of enforcement of this Consent Decree in accordance with its terms.

32. Except for the Settlement Agreement, this Consent Decree contains the entire agreement of Plaintiff and Defendant concerning the subject matter described and addressed herein, and no other statement, promise, or agreement, either written or oral, made by any party or agent of any party, that is not contained in this Consent Decree shall be enforceable.

33. If any provision of this Consent Decree is determined to be invalid, unenforceable, or otherwise contrary to applicable law, such provision shall be deemed restated to reflect as nearly as possible and to the fullest extent permitted by applicable law its original intent and shall not, in any event, affect any other provisions, all of which shall remain valid and enforceable to the fullest extent permitted by applicable law.

**PERSONS BOUND**

34. This Consent Decree shall be binding on the Parties and their successors and assigns. In the event that Defendant seeks to transfer or assign all or part of its interest in any service covered by this Consent Decree, and the successor or assign intends on carrying on the same or similar use of the Hotel, then the successor or assignee shall be solely responsible for the obligations remaining under this Consent Decree for the duration of the remaining term of the Consent Decree.

35. The Parties to this Consent Decree expressly intend and agree that this Consent Decree shall inure to the benefit of any and all persons with a disability, which

disabled persons shall constitute third-party beneficiaries to this Consent Decree. Such third-party beneficiaries shall be entitled to enforce the provisions of this Consent Decree against Defendant and enforce the dispute resolution provisions herein.

36. Plaintiff and Defendant agree that, as of the date of entry of this Consent Decree, litigation is not "reasonably foreseeable" concerning the matters described herein and alleged in the Complaint. To the extent that any of the Parties previously implemented a litigation hold to preserve documents, electronically stored information, or things related to the matters described in paragraph 3, the Party is no longer required to maintain such a litigation hold. Nothing in this paragraph relieves any Party of any other obligations imposed by this Consent Decree.

37. The signatories represent that they have the authority to bind the respective Parties to this Consent Decree.

///

///

///

## CONSENT DECREE HAS BEEN READ

38. This Consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties. This Consent Decree is signed freely by each Party executing it. The Parties each had an opportunity to consult with their counsel prior to executing the Consent Decree. Agreed and Consented to:

Dated: 12/01/2020    /s/ Theresa Brooke
                     Theresa Brooke, individually


Dated: 12/01/2020    RI LA QUINTA LLC
                     /s/ Kevin Kelly

                     By: Kevin Kelly
                     Its: Vice President


SO ORDERED:


Dated: December 14, 2020    _____
                            Hon. John W. Holcomb
                            U.S. District Judge